IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **PAYARC LLC**, <br><br> Plaintiff <br><br> v. <br><br> **MATTHEW McEVOY** and **TIME 2 SHINE, LLC t/d/b/a T2S SPORTS**, <br><br> Defendants. | **COMPLAINT** <br><br> Case No. 3:22-CV-6 (Groh) |

ELECTRONICALLY FILED
Jan 21 2022
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

Plaintiff PayArc LLC, through its undersigned counsel, files this Complaint against Defendants Matthew McEvoy ("McEvoy") and Time 2 Shine, LLC t/d/b/a T2S Sports ("Time 2 Shine") (collectively, "Defendants").

## Introduction

1. This is an action to recover sums of money owed to PayArc (1) as a result of Defendants' fraud on PayArc and (2) under an agreement with Time 2 Shine and a personal guaranty by McEvoy.

2. Defendants intentionally misrepresented their legal and financial information to PayArc in a scheme designed to defraud PayArc.

3. As a result of Defendants' misrepresentations, PayArc provided funds to Time 2 Shine, Defendants were obligated to repay to PayArc, but Defendants have failed to return the funds to PayArc.

4. In the absence of Defendants' misrepresentations, PayArc would not have provided any funds to Time 2 Shine.

## Parties

5. PayArc is a limited liability corporation organized under the laws of Connecticut and having a principal place of business at 103 Mason Street, Floor 2, Greenwich, Connecticut 06830.

6. PayArc's members are all domiciled outside the State of West Virginia.

7. McEvoy is an individual domiciled in West Virginia.

8. On information and belief, McEvoy resides at 141 Glenbrook Road, Ranson, West Virginia 25438.

9. Time 2 Shine is a limited liability company organized under the laws of the State of West Virginia and having a principal place of business at 119 Sader Drive, Suite 6, Inwood, West Virginia 25428.

10. On information and belief, Time 2 Shine's only member is McEvoy.

11. On information and belief, Time 2 Shine is a business engaged in the sale of bicycle parts and components.

## Jurisdiction and Venue

12. This Court has diversity subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(a).

13. PayArc is not a citizen of the same State as either McEvoy or Time 2 Shine.

14. PayArc seeks to recover more than $75,000.

15. This Court may exercise personal jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) because McEvoy and Time 2 Shine are residents of West Virginia and therefore subject to the general jurisdiction of West Virginia.

16.     This Court's judicial district is the appropriate venue pursuant to 28 U.S.C. § 1391(b) because McEvoy and Time 2 Shine reside in this judicial district. In particular, McEvoy resides in Jefferson County, West Virginia, and Time 2 Shine's principal place of business is in Berkeley County, West Virginia.

## General Allegations

*A.      Background*

17.     PayArc is a credit card processor that serves as an intermediary between banks and merchants.

18.     In connection with PayArc's services, merchants submit credit card charges to PayArc, PayArc processes the credit card charges, banks pay PayArc for the credit card charges, and PayArc pays merchants for the credit card charges.

19.     When credit card payments are disputed by cardholders, banks charge PayArc to reimburse the cardholder. These charges are typically referred to as "chargebacks."

20.     PayArc requires its clients to reimburse it for chargebacks.

21.     When a client fails to repay PayArc, that client obtained a payment from PayArc that the client was not entitled to obtain.

22.     Therefore, PayArc requires prospective clients to provide legal and financial information prior to deciding whether to provide its services to prospective clients.

*B.      False Representations*

23.     On or around January 22, 2020, McEvoy executed a merchant application ("Merchant Application") on behalf of Time 2 Shine, which contained a personal guaranty in Section 5 of the Merchant Application ("Personal Guaranty") that McEvoy executed in his individual capacity.

24. A true and correct copy of the Merchant Application is attached hereto as **Exhibit A**.

25. McEvoy and Time 2 Shine together developed a scheme to defraud PayArc.

26. In the Merchant Application, McEvoy represented that Time 2 Shine's legal name was "T2S Sports" and that its "DBA" name was "Time 2 Shine." *See* Ex. A, Section 2.

27. Time 2 Shine's legal name is "Time 2 Shine, LLC," not "T2S Sports, LLC."

28. McEvoy represented that "T2S Sports" was incorporated on "4/1/2015."

29. On information and belief, T2S Sports is not an incorporated entity.

30. McEvoy and Time 2 Shine further produced at least two forged documents to PayArc to support their misrepresentation that "T2S Sports" is a legal entity.

31. The first forged document (the "First Forged Document"), a true and correct copy of which is attached hereto as **Exhibit B**, purports to be a printout of information available from the West Virginia Secretary of State, including information regarding "T2S Sports, LLC" as a business entity.

32. The web address at the bottom of the First Forged Document does not contain the information shown in the First Forged Document.

33. The web address at the bottom of the First Forged Document contains the business information for Time 2 Shine.

34. The second forged document (the "Second Forged Document") (collectively with the First Forged Document, the "Forged Documents"), a true and correct copy of which is attached hereto as **Exhibit C**, purports to be a Certificate from the Secretary of State for the State of West Virginia certifying that "T2S Sports" is "duly registered with the Secretary of State's Office."

35. On July 22, 2021, the Secretary of State of the State of West Virginia issued a Certificate of Fact certifying that "T2S Sports LLC., is not an entity currently registered with the West Virginia Secretary of State's office," a true and correct copy of which is attached hereto as **Exhibit D**.

36. In the Merchant Application, McEvoy identifies himself as an "Owner" of T2S Sports.

37. The Merchant Application asks, "Have Merchant or Owners Ever Filed for Bankruptcy?" McEvoy and Time 2 Shine responded, "No."

38. On April 6, 2016, McEvoy filed a chapter 7 petition for bankruptcy in the United States Bankruptcy Court for the Northern District of West Virginia at case number 3:16-bk-00350.

39. In the chapter 7 petition for bankruptcy, McEvoy identified "Time 2 Shine" as a sole proprietorship that he owned.

40. As noted above, McEvoy and Time 2 Shine's statements in the Merchant Application were false.

41. At the time that McEvoy delivered the forged documents and the fraudulent Merchant Application, PayArc was unaware that McEvoy and Time 2 Shine made material misrepresentations to PayArc.

42. In particular, PayArc was unaware that Time 2 Shine attempted to disguise its identity by misidentifying its legal name.

43. PayArc was unaware that McEvoy filed for bankruptcy discharge in his individual capacity and on behalf of the sole proprietorship Time 2 Shine.

44. PayArc was unaware that Time 2 Shine was incorporated at a later date than represented in the Merchant Application.

45.     PayArc relied on McEvoy and Time 2 Shine's false representations as a prerequisite to providing its credit card processing services to Time 2 Shine.

C.     *Obligations Pursuant to the Credit Agreement*

46.     Section 4 of the Merchant Application states, "By executing this Merchant Application on behalf of the merchant described above . . . , the undersigned individual(s) represent(s), warrant(s), and acknowledge(s) that: (i) All information contained in this Merchant Application . . . is true and correct and complete as of the date of this Application; . . . (vii) he/she has received, read, and understood[] the terms and conditions set forth at https://payarc.com/agreements/PayArc-CBCal-Terms-and-Conditions.pdf as they may be amended from time to time . . . and agrees on behalf of the Merchant to be bound by the terms of such Merchant Agreement."

47.     A true and correct copy of the terms and conditions set forth at https://payarc.com/agreements/PayArc-CBCal-Terms-and-Conditions.pdf, in effect on the date that McEvoy and Time 2 Shine executed the Merchant Application, are attached hereto as **Exhibit E** (the "Terms and Conditions") (collectively with the Merchant Application, the "Credit Agreement").

48.     Pursuant to Section 5.20 of the Terms and Conditions, Time 2 Shine was obligated to maintain a valid bank account for the payment of amounts owed to PayArc.

49.     The Terms and Conditions further contained a provision for a "Chargeback Reserve Account" at Section 3.5.

50.     Pursuant Section 3.5 of the Terms and Conditions, PayArc was permitted to "establish . . . a non-interest bearing chargeback reserve account . . . , or demand other security or raise any discount, transaction or other fees."

51. Pursuant to the Credit Agreement, PayArc performed its obligations as a credit card processor for Time 2 Shine, including by processing payments to Time 2 Shine.

52. Pursuant to the Credit Agreement, PayArc established a Chargeback Reserve Account in the amount of $17,617.45 (the "Reserve").

53. Despite Time 2 Shine's obligations to maintain a bank account for PayArc to withdraw amounts owed to PayArc, Time 2 Shine's bank account was made inaccessible to PayArc.

54. As of this date, Time 2 Shine has failed to reimburse PayArc for chargeback and bounce fees totaling at least $82,093.50.

55. Despite Time 2 Shine's obligations to pay PayArc, Time 2 Shine refused to make payments to PayArc.

56. In Section 4.4 of the Terms and Conditions, Time 2 Shine agreed to pay PayArc's attorney's fees in connection with any collection proceeding.

57. PayArc has incurred legal fees in connection with collection efforts to obtain payment from Time 2 Shine.

58. Despite PayArc's demands that Time 2 Shine perform its obligations under the Credit Agreement, Time 2 Shine has failed and continues to fail to pay PayArc in full.

59. Pursuant to the Personal Guaranty, McEvoy "unconditionally guarantees to [PayArc] the prompt payment and full and complete performance of all obligations of" Time 2 Shine.

60. Despite PayArc's demands that McEvoy perform his obligations under the Personal Guaranty, McEvoy has failed and continues to fail to pay any amount to PayArc.

## COUNT I – FRAUD (BOTH DEFENDANTS)

61. PayArc incorporates the paragraphs as if fully restated herein.

62. Each of McEvoy and Time 2 Shine made material misrepresentations to PayArc.

63. McEvoy submitted documents to PayArc that were false, including the Merchant Application and the Forged Documents.

64. The misrepresentations by McEvoy and Time 2 Shine were material because if the truth were known to PayArc, PayArc would not have processed credit card transactions on behalf of Time 2 Shine.

65. PayArc was justified in relying on McEvoy and Time 2 Shine's misrepresentations because, among other things, McEvoy and Time 2 Shine presented documentation purported to be government documentation.

66. As a result of McEvoy and Time 2 Shine's misrepresentations, PayArc has been damaged in the amount of $82,093.50 plus attorney's fees.

WHEREFORE, PayArc respectfully requests that this Honorable Court enter judgment against McEvoy and Time 2 Shine in an amount to be determined at trial and in excess of $82,093.50 plus punitive damages, fees, interest, costs, attorney's fees, and such other relief which this Court deems necessary, just, and/or proper.

## COUNT II – BREACH OF CONTRACT (TIME 2 SHINE)

67. PayArc incorporates the paragraphs as if fully restated herein.

68. The Credit Agreement is a valid contract executed by Time 2 Shine.

69. Pursuant to the Credit Agreement, Time 2 Shine is required to pay fees to PayArc, to maintain a valid bank account, and to maintain a Chargeback Reserve Account.

70. Time 2 Shine has breached the Credit Agreement by failing to perform its obligations, including its obligations to pay fees to PayArc, to maintain a valid bank account, and to maintain a Chargeback Reserve Account.

71. As a result of Time 2 Shine's breaches, PayArc has been harmed by Time 2 Shine's conduct because PayArc has suffered and continues to suffer the loss of payments from Time 2 Shine.

WHEREFORE, PayArc respectfully requests that this Honorable Court enter judgment against Time 2 Shine in an amount to be determined at trial and in excess of $82,093.50 plus fees, interest, costs, attorney's fees, and such other relief which this Court deems necessary, just, and/or proper.

## COUNT III – BREACH OF CONTRACT (McEVOY)

72. PayArc incorporates the paragraphs as if fully restated herein.

73. The Personal Guaranty is a valid contract executed by McEvoy.

74. Pursuant to the Personal Guaranty, McEvoy is obligated to pay to PayArc all sums owed by Time 2 Shine.

75. McEvoy has breached the Personal Guaranty by failing to perform his obligations, including his obligations to pay fees to PayArc.

76. As a result of McEvoy's breaches, PayArc has been harmed by McEvoy's conduct because PayArc has suffered and continues to suffer the loss of payments from McEvoy.

WHEREFORE, PayArc respectfully requests that this Honorable Court enter judgment against McEvoy in an amount to be determined at trial and in excess of $82,093.50 plus fees, interest, costs, attorney's fees, and such other relief which this Court deems necessary, just, and/or proper.

Respectfully submitted,

**PAYARC LLC**

By: /s/ Brandy M. Rapp

Brandy M. Rapp (WV State Bar No. 10200)
WHITEFORD TAYLOR & PRESTON LLP
10 S. Jefferson St., Suite 1110
Roanoke, VA 24011
(540) 759-3577
(540) 759-3567 (fax)
brapp@wtplaw.com

Anthony T. Gestrich (*pro hac vice* application forthcoming)
Pa. Bar No. 325844
WHITEFORD TAYLOR & PRESTON LLP
11 Stanwix Street, Suite 1400
Pittsburgh, PA 15222
(412) 275-2400
(412) 567-7564 (fax)
AGestrich@wtplaw.com

*Counsel for Plaintiff*

Date:   January 21, 2022